IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ALLIED INSURANCE COMPANY OF AMERICA and AMCO INSURANCE COMPANY, | CV 21-105-BLG-SPW |
| Plaintiffs, | ORDER |
| vs. | |
| CHEIN HWA SHEN; TING TING WU; SHEN PROPERTIES, LLC; CARNE, INC. d/b/a CARNE BRAZILIAN GRILL; ASIAN SEA GRILL, INC.; WILD GINGER, INC., | |
| Defendants. | |

Before the Court is Plaintiffs Allied Insurance Company and Amco Insurance Company's proposal to bifurcate discovery in this matter into two phases, a first phase dealing solely with the coverage aspect of the case, and a second dealing with the counterclaims by the Defendants. (See Doc. 15 at 52). Plaintiffs believe that bifurcation will be more efficient for the parties and the courts because dispositive motions in the Plaintiffs' favor would resolve the matter entirely and eliminate the need for discovery on the other claims. (Doc. 15 at 52).

Defendants collectively oppose Plaintiffs' request, asserting that District caselaw and practice historically disfavor bifurcation and that usual discovery will

1

better suit the parties, the Court, and the interests of justice. (Doc. 13 at 19). Defendants also assert that the proposed bifurcation would effectively hold their claims in abeyance while the Plaintiffs' claim proceeds apace. (Doc. 13 at 21).

Federal Rule of Civil Procedure 42(b) governs bifurcation and allows the Court to separate claims, counterclaims, issues, etc. when convenient, to avoid prejudice, or to expedite and economize the judicial process. Rule 42(b) confers broad discretion on the Court. *Routh v. Travelers Cas. Ins. Co.*, 1:17-CV-42-BLG-SPW (Doc. 17 at 3) (D. Mont. 2017), citing *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004). Bifurcation is a deviation from usual practice and accordingly the moving party carries the burden to show bifurcation is warranted. *North Pacific Ins. Co. v. Stucky*, 2013 WL 5408837, at \*2 (D. Mont. 2013); *Burton v. Mountain West Farm Bureau Mut. Ins. Co.*, 214 F.R.D. 598, 612 (D. Mont. 2003).

Here, Plaintiffs' primary argument is that bifurcation would save time, energy, and effort if Plaintiffs were to prevail after the first phase. While this may be true, it is predicated on the assumption that Plaintiffs will succeed—should coverage be determined to exist, bifurcation would be less efficient and require duplication of the discovery process. It would be inappropriate for the Court to presume that Plaintiffs will succeed in their motions after phase one of their proposed discovery plan. The Court finds that bifurcation is not warranted here

2

because it would not increase judicial economy or expedite the process for the parties.  Discovery in this matter will proceed in the customary manner, as governed by the scheduling order.  Plaintiffs' request is DENIED.

DATED this 28th day of April, 2022.

SUSAN P. WATTERS
United States District Judge